UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN W. THERRIEN,<br>　　　Plaintiff,<br><br>v.<br><br>WARDEN DANIEL MARTIN, et al.,<br>　　　Defendants. | :<br>:<br>:　PRISONER CASE NO.<br>:　3:07-cv-1285 (JCH)<br>:<br>:　OCTOBER 19, 2007<br>: |

## INITIAL REVIEW ORDER

Plaintiff Steven Therrien, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 (2000).

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). Conclusory allegations are not sufficient. Id. at

1968. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

Therrien includes four claims in his complaint: (1) denial of due process, (2) denial of access to the courts, (3) violation of freedom of speech and copyright infringement, and (4) sexual harassment.

**I.     CLAIMS**

    A.     Due Process

Therrien alleges that the defendants have denied him due process in two ways: they have selectively issued disciplinary reports in his housing unit and refused to dismiss a procedurally flawed disciplinary report.

Therrien states that other inmates have engaged in bookmaking or other gambling activities, but he is the only inmate who has been issued disciplinary reports for gambling. He also alleges facts suggesting that he was issued several disciplinary report in retaliation for previously reporting staff misconduct. Based on the current record, the court concludes that these claims should proceed against defendants Watson, Carney and McDonald.

In April 2007, Therrien was issued a disciplinary report for interfering with the institutional safety and security. He alleges that the correctional officer who delivered the disciplinary report to him did not sign the report and that defendant Watson wrote the name of another correctional officer in the space where the delivering officer should have signed the report. Therrien does not argue that the report was not timely delivered. Defendant Soto, the disciplinary hearing officer, refused to dismiss the

report, and defendant Strange upheld the decision on appeal.

An inmate is entitled to receive advance written notice of the charges against him, a written statement from the hearing officer indicating the reasons for the disciplinary action taken and a summary of the evidence relied upon, and an opportunity to call witnesses and present evidence in his defense as long as doing so will not jeopardize institutional safety and security. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Therrien does not allege that he was denied timely notice of the disciplinary charge. Research has revealed no case finding a due process violation where notice was timely, but the person who delivered a disciplinary report did not sign the report and another name was later inserted. The court concludes that there is no factual or legal basis for this claim. Accordingly, the claim is dismissed pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(i).

  B. Access to the Courts

Therrien contends that defendants Hogan and Saavadra violated his right of access to the courts under orders from defendant McDonald or defendant Martin. Therrien alleges that, on February 26, 2007, Correctional Officer Beaulieu picked up a letter addressed to Assistant Attorney General Steven Strom from Therrien's cell. In the envelope were the original and a copy of an affidavit in support of a motion for temporary restraining order. Therrien wanted AAG Strom to file the original affidavit in federal court. On March 29, 2007, Therrien sent a letter to the district court inquiring whether four documents had been received and seeking additional complaint forms. The Clerk sent Therrien the forms and told him that she did not know whether his documents had been received because he did not indicate the number of the case in
3

which the documents were to be filed.  See Compl. Ex. A(2).  Therrien assumes that defendant Hogan confiscated and opened the letter.  A subsequent letter mailed to the district court was returned to Therrien as undeliverable because he provided an incorrect address.

It is well settled that inmates have a constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (modified on other grounds by Lewis v. Casey, 518 U.S. 343, 350 (1996)).  To state a claim for denial of access to the courts, Therrien must allege facts showing that he suffered an actual injury.  See Lewis, 518 U.S. at 351-52.  For example, Therrien would have experienced an actual injury if "a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate.  Id. at 351.

Therrien's claim is based on a letter he sent to the Office of the Attorney General, not a complaint he submitted to the court.  There is no constitutional requirement that the Office of the Attorney General, which would represent the defendants in such an action, file documents on behalf of a prisoner.  In addition, at the time Therrien sent his letter to AAG Strom, he did not have a pending case in this court. Since that time, Therrien has filed this civil rights action, and the court is reviewing his claims on the merits.  The court concludes that Therrien fails to allege facts demonstrating an actual injury.  Thus, his claim for denial of access to the courts is dismissed pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(ii).

C. <u>Freedom of Speech</u>

Therrien contends that several defendants have read his manuscript and that he encountered difficulty mailing his manuscript to publishers.

Therrien alleges that he mailed the first 66 pages of his manuscript to two publishers along with stamped, self-addressed envelopes, but did not receive any responses from the publishers. Therrien also alleges that he has received only negative responses to his manuscript .

Therrien alleges further that he sent the first 142 pages of his manuscript to five publishers. He submitted the manuscripts to the mailroom with 20 free postage envelopes.[1] On March 21, 2006, Therrien was called to the Unit Manager's office and questioned while his cell was searched for a stash of free postage envelopes. Therrien told the Unit Manager that he had been receiving two envelopes per week for years and had saved them to mail his manuscript. When the Unit Manager told Therrien that each envelope required an additional $1.00 in postage, Therrien offered to forego receiving free postage envelopes so the amount of postage on his free postage envelopes could be used to pay the additional charge. Although Therrien assumed that all of the envelopes would be sent out immediately, exhibits attached to the complaint show that the twenty free postage envelopes were held and mailed in accordance with the departmental policy permitting two social correspondence letters per week. <u>See</u> Compl.

---

[1]Therrien alleges that he was told that each of the four packed envelopes required $1.00 in additional postage. It is not clear whether he submitted five envelopes, one for each publisher, or separated each manuscript into four parts, using the twenty free-postage envelopes he references in his description of this claim. The court need not ascertain at this time how the manuscript was packages as the distinction is irrelevant to the court's treatment of this claim.

Ex. G(3).

The United States Constitution permits greater restriction of prisoners' First Amendment rights than it permits for other persons. See Beard v. Banks, --- U.S. ----, 126 S. Ct. 2572, 2577-78 (2006). Under the First Amendment, a prisoner may receive and send mail. See Hudson v. Palmer, 468 U.S. 517, 547 (1984). However, the correctional facility has the right to censor letters or withhold delivery if those actions are necessary to protect institutional security and if the facility applies appropriate procedural safeguards. Id. The right to censor necessarily encompasses the right to read non-legal correspondence. While the Supreme Court has afforded special protections to an inmate's legal mail, it never has held that the First Amendment prevents correctional staff from reading prisoners' non-legal mail. See Wolff v. McDonnell, 418 U.S. 539, 576 (1974) (noting that "freedom from censorship is not equivalent to freedom from inspection or perusal"). Thus, any claim that a defendant read Therrien's social correspondence is not cognizable in this action and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, the Second Circuit has held that inmates do not have a constitutional right to unlimited free postage for non-legal mail. See Johnson v. Goord, 445 F.3d 532, 534 (2d Cir. 2006). Thus, any claim that the mailroom improperly held his letters until he had sufficient postage and mailed them in accordance with departmental rules is dismissed pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(ii).

Therrien does not allege that he was prevented from writing his various manuscripts. Because prisoners have no expectation of privacy regarding their personal papers or property, Therrien's allegations that the defendants searched his

cell and read his manuscripts are not cognizable under the Fourth Amendment. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984).

    D.    <u>Copyright Infringement</u>

Therrien contends that defendant McDonald has infringed on Therrien's copyrights. He alleges that defendant Watson, presumably at the direction of defendant McDonald, issued the February 24, 2007 disciplinary report for gambling to separate Therrien from his manuscript so the manuscript could be copied or destroyed. He also assumes that defendant McDonald engineered an October 14, 2004 disciplinary report again to separate Therrien from the manuscript he was working on at that time and enable staff to copy or destroy the manuscript. Therrien does not state that any of his manuscripts were destroyed.

Therrien alleges that, after an inmate made copies of his manuscript, photocopy machines were removed from the housing blocks and the inmate was instructed to obtain staff permission before photocopying any documents. Therrien also alleges that, other than one acknowledgment of receipt of his manuscript, he has received only negative responses from the publishers. He assumes that defendant McDonald withheld any positive responses, obtained his own copyright of the manuscripts, and sold them to the publishers as his own work.

To prevail on a claim for copyright infringement under the Copyright Act, Therrien must establish that he owned a valid copyright in his manuscript and that the defendants reproduced and distributed original elements of the copyrighted work. See Feist Publications, Inc. v. Rural Tel. Serv., Co., 499 U.S. 340, 361 (1991). To satisfy the requirement of Rule 8(a), Fed. R. Civ. P., that the complaint contain a short, plain

statement of the claim, case law from this Circuit requires Therrien to allege four elements: "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994), cert. denied, 513 U.S. 950 (1994). Therrien does not allege any facts showing that he registered a valid copyright for any of his manuscripts. Thus, he cannot state a claim for copyright infringement. See 17 U.S.C. § 411(a) (providing that no action for copyright infringement shall be made unless the copyright has been registered).

In addition, even if he had obtained a valid copyright, the claims should be dismissed. To satisfy the second part of a claim for copyright infringement, Therrien must allege facts showing that the defendants actually copied his work. He could do this by direct evidence of copying or by indirect evidence such as access to the copyrighted work and similarities between the copyrighted work and work produced by the defendant. See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137 (2d Cir.1998). Therrien alleges no facts showing that any defendant reproduced and distributed any portion of the manuscript.

Therrien's assumptions and conclusions fail to state a cognizable claim. Any claim for copyright infringement is dismissed pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(ii).

### E. Sexual Harassment

Therrien's sexual harassment claim is based on defendant Watson's comment

that the next time he searched Therrien's cell, he would be sure that Therrien was alone because defendant McDonald had said that Therrien had "good ass."

Verbal harassment does not rise to the level of a constitutional violation. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) ("Verbal threats are not constitutional violations cognizable under § 1983."); Cotz v. Mastroeni, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007) (holding that verbal harassment and threats, regardless of how inappropriate, unprofessional or reprehensible, do not violate a federally protected right and are not cognizable under section 1983). Because defendant Watson's comment does not rise to the level of a constitutional violation, the sexual harassment claim is dismissed pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(i) and (ii).

## II.    MOTION FOR TEMPORARY RESTRAINING ORDER

Therrien has filed a Motion for Temporary Restraining Order seeking (1) unlimited access to the prison resource center with unlimited ability to photocopy any documents he deems related to this case or an unlimited supply of carbon paper, unlimited paper, pens and postage-free envelopes, and access to computer-aided legal research; (2) orders that he remain at Cheshire Correctional Institution and that defendant Watson be transferred to another facility; and (3) an order that defendant Watson receive treatment at the Institute of Living.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, in the form of either a preliminary injunction or

9

temporary restraining order, the moving party must demonstrate that it will be irreparably harmed in the absence of the requested relief and that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor.  See Bronx Household of Faith v. Bd. of Educ., 331 F.3d 342, 348-49 (2d Cir. 2003).  When a party seeks a mandatory injunction, i.e., one that will alter the status quo, the moving party must show a clear and substantial likelihood of success.  See Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 744 (2d Cir. 2000) (internal quotation marks and citation omitted) (superceded by statute on other ground).  Here, Therrien seeks various forms of mandatory relief.

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases.  See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir.1997).  Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7 James W. Moore, et al., Moore's Federal Practice  ¶ 65.04[3] (2d ed. 1995).  Upon review of the record, the court determines that oral testimony and argument are not necessary in this case because Therrien fails to "raise sufficiently serious questions going to the merits to make them a fair ground for litigation."  Bronx Houshold, 331 F.3d at 349.

Therrien first seeks unlimited resources to facilitate his prosecution of this case.  Prison officials are not required to ensure that inmates can litigate effectively once their

cases have been filed. See Lewis, 518 U.S. at 355. Thus, Therrien is not entitled to have unlimited time in the prison resource center, the ability to photocopy any document he deems relevant to this action, ten reams of photocopy paper on standby at all times, back-up photocopy machines at his disposal, access to computer-aided legal research and unlimited supplies of pens, paper, carbon paper and postage.[2]

Therrien asks the court to order that he remain at Cheshire Correctional Institution. Inmates have no constitutionally protected right to be confined in any particular correctional facility or housing unit. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state). As Therrien has no right to be confined in any particular correctional facility, the court will not order that he remain at Cheshire Correctional Institution.

Finally, Therrien asks the court to order that defendant Watson be transferred to another correctional facility and receive treatment at the Institute of Living. Research reveals no constitutionally protected right permitting an inmate to direct staff assignment or require particular discipline or treatment just because the inmate personally is offended by the conduct of a correctional officer. Accordingly, this request is denied.

### III. AMENDED PLEADING, OFFER OF SETTLEMENT AND REQUEST FOR RECUSAL

In one document, Therrien attempts to amend his Complaint, asks the court to

---

[2]The court notes, that although Therrien complains about his ability to litigate, in the one-month since this case was filed, Therrien has submitted a 34-page complaint, timely responded to the court's Notice of Insufficiency and filed five other motions or supplemental affidavits in support of those motions.

force the defendants to accept his settlement offer and moves for the recusal of the undersigned and the magistrate judge assigned to this case. The inclusion of three separate requests in one document is confusing. Although the court will consider all of the requests in this submission, Therrien is directed to confine future submissions to one affidavit or motion per document.

    A.    <u>Amended Pleading</u>

In the first part of this motion, Therrien seeks to amend his Complaint. He states that, after he filed the Complaint, he learned that defendant Soto also is the Mail Room Supervisor. The court determined above that Therrien has not stated any cognizable claims regarding alleged improprieties in dealing with his mail. In this document, Therrien also alleges that defendants Soto and Hogan denied him access to the courts because they prevented his response to the Notice of Insufficiency, Motion for Temporary Restraining Order, and other documents from reaching the court. Contrary to his assertions, these documents have been received and docketed. Thus, any claims against defendant Soto in her capacity as Mail Room Supervisor are dismissed and any claims against defendants Soto and Hogan for violation of Therrien's right of access to the courts are dismissed as lacking an arguable factual or legal basis.

To the extent that Therrien is attempting to include any claim arising from his August 2007 disciplinary report for gambling, he concedes that he has not exhausted his administrative remedies. Exhaustion of administrative remedies is a prerequisite filing a section 1983 action. <u>See</u> <u>Woodford v. Ngo</u>, ___ U.S. ___, 126 S. Ct. 2378, 2387 (2006) (holding that proper exhaustion of all available administrative remedies is a mandatory prerequisite to filing a section 1983 action in federal court). Thus, any claim

regarding the August 2007 disciplinary report is not properly included in this action.

After considering the proposed additional claims, those claims are dismissed pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(ii).

B.  Offer of Settlement

Therrien states that he is willing to withdraw this action in exchange for immediate release, two million dollars, and a ten-day head start. He asks the court to order the defendants to accept the offer. The court cannot force the defendants to settle this case. Therrien may present his settlement offer to the defendants after service has been effected.

C.  Request for Recusal

Finally, Therrien states that "the center of this case involves the publication of sexually explicit material."[3] He assumes that the undersigned and Magistrate Judge Fitzsimmons have a negative view of pornography and, for this reason, ask that both recuse themselves from this case.

A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is required is an objective one. The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done

---

[3]Therrien states that his novels are "designed to expose the secret societies and their methods of control" and that "the vehicle [he uses] to expose satin's solders includes a heave does of clock and dager cuppled with pornographic subplots." Dkt. No. 9, ¶ 11(2).

absent recusal?" United States v. Amico, 486 F.3d 764, 775 (2d Cir. 2007) (internal quotation marks and citation omitted).

The only claims remaining in this case concern the selective issuance of disciplinary reports and retaliation. Therrien's characterization of the case is incorrect and, even if it were correct, he alleges no facts to support his assumption regarding the views of the assigned judges. Thus, Therrien's request lacks a factual basis and is denied.

## Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1)     Plaintiff's second Motion to Proceed in Forma Pauperis [Dkt. No. 6] having been granted, his first Motion to Proceed in Forma Pauperis [**Dkt. No. 2**] and Motion for Continuance [**Dkt. No. 8**] to file the second motion are **DENIED** as moot.

(2)     The claims for denial of due process regarding the April 2007 disciplinary report, denial of access to the courts, violation of Therrien's right to freedom of speech, copyright infringement and sexual harassment are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B). The Clerk is directed to terminate Warden Daniel Martin, Investigator Jason Hogan, Unit Manager Saavadra, Hearing Officer Soto and District Administrator Mark W. Strange as defendants.

(3)     This case shall proceed on the claims of selective prosecution and retaliation against defendants Watson, Carney and McDonald. No other claim or defendant shall be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15. Therrien shall file an amended

complaint within **twenty (20)** days from the date of this order. The amended complaint shall include only the claims and defendants specified above in this paragraph. If Therrien can establish both that he obtained a valid copyright for any of his manuscripts and that any defendant reproduced and distributed portions of that manuscript, he may file a motion for leave to amend with a proposed amended complaint containing that information attached.

(4) **The Pro Se Prisoner Litigation Office shall** mail waiver of service of process request packets to defendants at the addresses provided by plaintiff in the complaint, within **five (5) business days** of from the date Therrien submits his amended complaint, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. The Pro Se Litigation Office shall ascertan the current work addresses for defendants Watson and Carney from the Department of Correction Office of Legal Affairs and arrange for that office to forward the waiver of service of process packet to defendant McDonald. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service. In that case, the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5) **The Pro Se Prisoner Litigation Office shall** prepare the documents required for official capacity service and deliver them the U.S. Marshal Service. **The U.S. Marshals Service shall** serve a copy of the Complaint and this Order on defendant Watson, Carney and McDonald in their official capacities by delivering the

necessary documents in person, or by certified mail, to the Attorney General's office in Hartford, within **five (5) business days** of this order.

(6)     Therrien's Motion for Temporary Restraining Order [**Dkt. No. 5**] is **DENIED**.

(7)     Regarding Therrien's "Amended Pleadings, Settlement Offer and/or Request to Recuse [**Dkt. No. 9**], the court has considered the information that Therrien seeks to add to the complaint in its review. All additional claims sought to be added are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(ii). The requests to order the defendants to accept Therrien's offer of settlement and for recusal are **DENIED**.

(8)     Therrien is instructed that he should confine his submissions to one motion or request for court action per document.

(9)     **The Pro Se Prisoner Litigation Office shall** send a copy of this Order to the plaintiff and send him written notice of the status of this action once service packets are mailed.

(10)    **Defendants shall** file their response to the complaint within **sixty (60)** days of receiving service of process. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

**SO ORDERED** at Bridgeport, Connecticut this 19th day of October, 2007.

    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge