UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN W. THERRIEN, | : | |
| Plaintiff, | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:07-cv-1285 (JCH) |
| | : | |
| WARDEN DANIEL MARTIN, et al., | : | OCTOBER 30, 2007 |
| Defendants. | : | |

## RULING AND ORDER

Plaintiff has filed six motions seeking miscellaneous relief. For the reasons that follow, the plaintiff's motions are denied.

### I. Motion to Amend Motion for Temporary Restraining Order [Dkt. No. 13]

Plaintiff seeks leave to amend his Motion for Temporary Restraining Order to include five additional paragraphs. The first four paragraphs relate to the relief sought in the original Motion. In its Initial Review Order filed October 19, 2007, the court denied the Motion for Temporary Restraining Order. Thus, the plaintiff's request to amend that motion to include new paragraphs 1-4 is denied.

The fifth paragraph asks the court to order the Warden Lee or Commissioner Lantz to replace Unit Manager Rodriguez to ensure plaintiff's access to the courts. Neither Warden Lee nor Commissioner Lantz is a defendant in this case. Thus, the court does not have the authority to order their actions. See Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999)(holding that the court must have in personam jurisdiction over a person before it can validly order or enjoin his actions). The relief requested in the fifth paragraph of the amendment also is denied.

## II. Motion for Court Assistance [Dkt. No. 16]

Plaintiff asks the court to assist him to avoid "institutional mail review and any other illegal means of 1st Amendment infringement." He states that he believes that the defendants are tampering with his mail from various publishers of erotica and asks the court to solicit court staff in this and other districts to aid him in contacting the publishers to arrange publication of his various manuscripts.

The court impartially decides a dispute between the parties. It does not conduct investigations at the request of either party. See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty . . . to perform any legal 'chores' for the defendant that counsel would normally carry out."); see also Collins v. Experian Credit Reporting Service. No. 3:04cv1905(MRK), 2004 WL 3078825, at *2 (D. Conn. Dec. 22, 2004) (denying plaintiff's request that court conduct independent investigation).

This court will not assist plaintiff in his attempts to discover whether his assumptions have any validity. The plaintiff's Motion for Court Assistance is denied.

## III. Motion for In-Camera Inspection [Dkt. No. 17]

Plaintiff next asks the court to conduct an in-camera inspection of all documents in the court file and letters to the Clerk's Office to ensure that the documents he mailed to the court were the same documents received and filed.

The court has filed all motions and affidavits received from the plaintiff. As the court does not know what documents he mailed, the court cannot ascertain that the documents received were identical to the documents the plaintiff mailed. The plaintiff's

Motion for In-Camera inspection is denied.

If the plaintiff wishes to compare any documents for himself, he should contact the Clerk's Office to determine the number of pages in the document and the copying costs. Upon submission of the copy fee, the Clerk will mail him a copy of the document in the court file.

IV.     Motion to Compel [Dkt. No. 18]

Plaintiff moves to compel the defendants to answer interrogatories he served on September 12, 2007. The court did not complete the initial review of the complaint until October 19, 2007. At that time, the court determined that this case will proceed only as to claims for selective prosecution and retaliation against defendants Watson, Carney and McDonald, and ordered that service be effected on these three defendants.

Until service is effected, the defendants are not required to respond to discovery requests. In addition, interrogatories may be served only on parties. To the extent that the plaintiff has directed interrogatories to anyone other that defendants Watson, Carney and McDonald, they are inappropriate. Further, a motion to compel may not be filed until the plaintiff has attempted to resolve the issue in good faith with opposing counsel. See D. Conn. L. Civ. R. 37(a)2. Because the defendants have not yet appeared, the plaintiff cannot ascertain with whom he must attempt to resolve this dispute before seeking the court's involvement. Accordingly, the Motion to Compel is denied without prejudice as premature.

V.      Motion for Leave to Proceed *In Forma Pauperis* [Dkt. No. 19]

Plaintiff has filed a third motion to proceed *in forma pauperis* in which he asks

the court to pay $13.00 for twenty-six postage paid envelopes to enable him to send letters to thirteen publishers of erotica and enable the publishers to send their responses to the court. The court already has denied plaintiff's Motion [Dkt. No. 16] seeking court assistance in contacting publishers. This Motion is denied as well.

**VI.	Motion for Preliminary Injunction [Dkt. No. 21]**

Finally, plaintiff asks the court to freeze all assets of the defendants. Although titled Motion for Preliminary Injunction, the document actually is a motion for prejudgment remedy.

Rule 64, Fed. R. Civ. P., permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 436 n.10 (1974). To do so, the plaintiff must comply with all requirements of the applicable state law, Connecticut General Statutes § 52-278a, et seg., that govern prejudgment remedies. The plaintiff has made no showing that he has complied with any of the statutory requirements. Accordingly, his Motion is denied without prejudice.

**VII.	Conclusion**

The plaintiff's Motions to Amend his Motion for Temporary Restraining Order [**Dkt. No. 13**], for Court Assistance [**Dkt. No. 16**], for In-camera Inspection [**Dkt. No. 17**] and for Leave to Proceed *in Forma Pauperis* [**Dkt. No. 19**] are **DENIED**. His Motions to Compel [**Dkt. No. 18**] and for Preliminary Injunction [**Dkt. No. 21**] are **DENIED** without prejudice.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 30th day of October, 2007.

      /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge