UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN W. THERRIEN,<br>    Plaintiff,<br><br>v.<br><br>WARDEN DANIEL MARTIN, et al.,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | PRISONER CASE NO.<br>3:07-cv-1285 (JCH)<br><br>DECEMBER 28, 2007 |

## RULING AND ORDER

Plaintiff has filed ten motions seeking miscellaneous relief.

## I. Motion for Reconsideration of Initial Review Order [Dkt. No. 29]

On October 19, 2007, the court filed its Initial Review Order dismissing plaintiff's claims of denial of due process regarding an April 2007 disciplinary report, denial of access to the courts, violation of plaintiff's rights to freedom of speech, copyright infringement and sexual harassment. The court determined that the case should proceed on claims of selective prosecution and retaliation against defendants McDonald, Watson and Carney only. Plaintiff seeks reconsideration of the Order. He states that the court did not address his actual freedom of speech claim, that the defendants violated his right to seek publication of his manuscript by confiscating responses from publishers. He also argues that, because the court determined that the case should proceed on some claims, it necessarily determined that the motion for temporary restraining order should be granted.

The standard for granting a motion for reconsideration is strict. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision.

See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration will be granted only when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006).

Research has revealed no constitutional right for an inmate to publish a manuscript he writes while incarcerated. See French v. Butterworth, 614 F.2d 23, 24 (1st Cir. 1980) ("a prisoner has no recognized right to conduct a business while incarcerated"); Stroud v. Swope, 187 F.2d 850, 851 (9th Cir. 1951) (inmate has no constitutional right to correspond with publisher to publish a book written while he was incarcerated). Accordingly, the Motion for Reconsideration is denied on this ground.

Plaintiff argues that the court improperly denied his motion for temporary restraining order because it permitted his claims of selective prosecution and retaliation to proceed. As the court stated in the Initial Review Order, it permitted the claims of selective prosecution and retaliation to proceed because plaintiff's allegations could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). This is less stringent than the standard for granting mandatory injunctive relief, a clear and substantial likelihood of success. See Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 744 (2d Cir. 2000). Plaintiff's Motion for Reconsideration is denied on this ground as well.

## II. Motion for Default Judgment [Dkt. No. 30]

Plaintiff asks the court to enter default judgment against the defendants pursuant to Rule 55(b)(2), Fed. R. Civ. P. Plaintiff states that he placed three envelopes in the prison mailbox on October 2, 2007. Two envelopes reached the court on October 5, 2007, but the third did not arrive until October 10, 2007. Based on this information and the fact that one former defendant did not maintain eye contact with plaintiff while passing him in the corridor, plaintiff concludes that the defendants opened the last envelope and confiscated documents.

Rule 55 concerns entry of default and default judgment where a party has failed to plead or otherwise defend an action in accordance with the Federal Rules of Civil Procedure. Plaintiff seeks default for actions that occurred after he filed this action, not for failure to plead. In addition, he filed his motion before any defendant was required to respond to the complaint. Thus, at the time he filed his motion, no defendant was in default. Plaintiff's motion for default judgment is denied.

## III. Motions to Compel Clerk to Respond to Letters [Dkt. Nos. 32 & 40]

Plaintiff seeks an order directing the Clerk to respond to the cover letters he submits with his filings. He wants a file-stamped response to each cover letter verifying receipt of the documents listed in the cover letter.

It is not the practice of the court to acknowledge every document filed in cases before this court. Plaintiff's motions to compel are denied. If plaintiff is concerned that a document has not been received, he may send an additional copy of the document with a stamped, self-addressed envelope. The Clerk will file-stamp the copy and return

it to plaintiff.

In addition, plaintiff seeks a free copy of the local court rules. Plaintiff acknowledges that the Clerk has informed him that the court does not provide copies of the rules and directed him to the Connecticut Bar Association. Plaintiff's request is denied.

## IV. Motion for Service [Dkt. No. 33]

Plaintiff seeks "proper" service on all defendants. Service has been effected on the three remaining defendants, McDonald, Watson and Carney, in their official and individual capacities. Plaintiff's motion is denied.

## V. Motions for Continuance [Dkt. Nos. 34 & 37]

In the October 19, 2007 Initial Review Order, the court ordered plaintiff to file an amended complaint containing only the claims of selective prosecution and retaliation against defendants McDonald, Watson and Carney. Plaintiff was to file the amended complaint within twenty days. Plaintiff seeks extensions of time to file an amended complaint.

In the notice of intent to amend, plaintiff states that he wants to include claims occurring after he filed his original complaint, such as a claim for damages if he was required to spend any additional time in a disciplinary report-clearing block or a block that defendant McDonald supervises or a claim for denial of access to the resource center. The court has ordered that this action includes only two claims, selective prosecution and retaliation based on events occurring before the original complaint was filed in August 2007. The ability to file an amended complaint does not enable plaintiff

to keep adding claims based on other incidents. These new claims should be pursued in a separate action.

Plaintiff's motions for extension of time are granted. Plaintiff shall file his amended complaint containing only the claims of selective prosecution and retaliation against defendants McDonald, Watson and Carney, **within twenty days** of the date of this Order.

**VI.     Motions for Waiver or Deferment of Fees and Production  [Dkt. Nos. 41 & 42]**

Plaintiff asks the court for free copies of a current docket sheet, the complaint with all exhibits, and all documents he has filed in this case. He also seeks free copies of the docket sheets and case histories of any case he filed in federal court since 1979, a copy of a complaint he filed against Clyde McDonald in 1997 or 1998, and a copy of a habeas petition with exhibits that he filed in 1997 or 1998. He states that he needs these documents because the Clerk informed him during one of his many lengthy phone calls to the court that she cannot verify every page of every document he files over the phone.

If the plaintiff wishes copies of all the documents he has filed, he should contact the Clerk's Office to determine the number of pages in the document and the copying costs. Upon submission of the copy fee, the Clerk will mail him a copy of the document in the court file. The court will not provide copies of all of these documents at court expense. The court will provide plaintiff a current docket sheet and a copy of the complaint.

Plaintiff has filed five other cases in federal court. All have been closed for over

nine years and no case was filed in 1997 or 1998: Therrien v. Tilghman, 2:91-cv-00547(AHN) (closed 06/20/91); Therrien v. Kupec, 3:95-cv-01000(DJS) (closed 11/12/98); Therrien v. Campagnuolo, et al., 3:95-cv-01001(WIG) (closed 12/09/98); Therrien v. Kupec, 3:95-cv-01002(PCD) (closed 09/08/97); Therrien v. Burrows, et al., 5:89-cv-00061(TFGD) (closed 03/12/91). If plaintiff wants copies of the docket sheets in these cases, he should contact the Clerk to ascertain the number of pages in the docket sheet and send to the Clerk's Office the appropriate fee.

Accordingly, the motions are granted only to the extent that the Clerk is directed to send plaintiff a copy of the complaint and a current docket sheet for this case.

## VII.    Motion for Recusal of Magistrate Judge Fitzsimmons [Dkt. No. 43]

Finally, plaintiff asks the court to order the recusal of Magistrate Judge Fitzsimmons because she signed orders returning pleadings in this case, such as a document containing multiple motions on one sheet of paper or exhibits to a motion.

A judge must recuse herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is required is an objective one. See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988), cert. denied, 490 U.S. 1102 (1989). The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." Id.

Plaintiff cites only orders returning pleadings in support of his request. The court can discern no objectively reasonable basis to question the magistrate judge's impartiality in this case. Accordingly, plaintiff's motion is denied.

VIII. Conclusion

Plaintiff's motions for continuance to file an amended complaint [**Dkt. Nos. 34 & 37**] are **GRANTED** to the extent that plaintiff shall file his amended complaint within **twenty (20)** days of the date of this Order. The amended complaint shall include only the claims for selective prosecution and retaliation against defendants McDonald, Watson and Carney. Failure to file this amended complaint will likely result in the dismissal of this case.

Plaintiff's motions for waiver of fees [**Dkt. No. 41**] and production [**Dkt. No. 42**] are **GRANTED** to the extent that the Clerk shall send plaintiff a copy of the complaint and current docket sheet in this case. The motions are denied in all other respects.

Plaintiff's motions for reconsideration [**Dkt. No. 29**], for default judgment [**Dkt. No. 30**], to compel [**Dkt. Nos. 32 & 40**], for service [**Dkt. No. 33**] and for recusal [**Dkt. No. 43**] are **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of December, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge